UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00135-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NICHOLAS T. COX,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a second letter from a family member of defendant concerning defendant's placement in an RRC under the Second Chance Act. This court is without authority to alter or amend the judgment in this matter upon such a request.

To the extent petitioner, through his spouse, seeks a recommendation by this court of placement in a Residential Re-Entry Center based on his good conduct and accomplishments during his incarceration and to facilitate his transition after release, Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> \* \* \*
> (4) any statement by the court that imposed the sentence—
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act* impacts the RRC program as provided by Section

3621, and provides as follows in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011). The court knows of no provision of the Second Chance Act that either requires or allows the court to recommend placement in the RRC and the court has not been contacted by the Bureau of Prisons to make any such recommendation. Whether to place a person in any pre-release program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97 4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (per curiam) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination.

Finally, defendant's family member is advised that she is without authority to represent her husband in this matter and that it is up to her husband to file motions with the court. Specifically, if defendant believes he has exhausted his administrative remedies with the Bureau of Prisons and that he has been wrongfully denied an opportunity to participate in an RRC, he

2

would need to file a Section 2241 petition in the jurisdiction where he is being housed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent the March 7, 2014, letter (#14) can be considered a motion, it is denied without prejudice for lack of standing.

Signed: 3/24/2014

Max O. Cogburn Jr.
United States District Judge